IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA,
ORLANDO DIVISION



| | |
|---|---|
| TIM FOOTE,<br>   Plaintiff,<br><br>v.<br><br>F.H. CANN & ASSOCIATES, INC.,<br>   Defendant. | §<br>§<br>§<br>§ Civil Action No.<br>§   6:20-cv-325-Orl-78LRH<br>§<br>§<br>§ Demand for a trial by jury. |

## ORIGINAL COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT AND FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

### I. JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to title 15 U.S.C. § 1692k(d), title 15 U.S.C. § 1681p, and title 28 U.S.C. § 1331.

2. Venue is proper before this Court pursuant to title 28 U.S.C. § 1391.

3. All conditions precedent to the bringing of this action have been performed, waived, or excused.

### II. PARTIES AND DEFINITIONS

4. The Plaintiff is a "**consumer**" as the term is defined by the Fair Debt Collection Practices Act, title 15 U.S.C. § 1692a(3).

5. The Plaintiff is a "**consumer**" as the term is defined by the Fair Credit Reporting Act, title 15 U.S.C. § 1681a(c).

6. The term "**account**" is defined at title 15 U.S.C. § 1693a(2).

7. The term "**assignment**" is defined in Black's Law Dictionary, 5th ed.

8. The term "**securitize**" [an excellent discussion can be found at the website Investopedia.com: htttps://www.investopedia.com/terms/s/securitize.asp] refers to a process whereby pooled financial instruments (a pool is divided into tranches) are transferred into a securitized trust and then **monetized** (subject to a pooling and servicing agreement) whereby shares of stock and or bonds and or any form of investment grade financial instrument is created and then sold to investors according to risk (typically sold to institutional investors by a broker or servicer) and which investment transaction is then subject to regulation and oversight by the Securities and Exchange Commission.

9. The Defendant F.H. CANN & ASSOCIATES, INC., also referred to as "FH CANN," is a **foreign profit corporation** organized in MASSACHUSETTS with the current principal place of business located at 1600 Osgood Street, Suite 2-120, North Andover, MA, 01845.

10. The term "**debt**" is defined at title 15 U.S.C. § 1692a(5), of the Fair Debt Collection Practices Act.

11. The Defendant FH CANN is a **"debt collector"** as the term is defined by the Fair Debt Collection Practices Act, title 15 U.S.C. § 1692a(6); furthermore, FH CANN has **not** indicated in any of its correspondence conveyed to the Plaintiff that FH CANN is a "servicer" for any alleged "creditor."

12. The Defendant FH CANN is a **"person"** as the term is defined by the Fair Credit Reporting Act, title 15 U.S.C. § 1681a(b).

13. The Defendant FH CANN is a **"prospective user"** within the meaning of the Fair Credit Reporting Act, title 15 U.S.C. § 1681 *et seq.*

14. The term **"file"** is clearly defined by the Fair Credit Reporting Act, title 15 U.S.C. § 1681a(g):

> The term "file," when used in connection with information on any consumer, means all of the information on that consumer recorded and retained by a consumer reporting agency regardless of how the information is stored.

15. The term **"Consumer Report"** is defined by the Fair Credit Reporting Act, title 15 U.S.C. § 1681a(d).

16. A *consumer report* is a **subset** and a statutorily time-constrained **snapshot** of the entirety of the information contained within a consumer's permanent master **"file"** that is compiled and maintained by a *consumer reporting agency* **and** which repository of information can possibly contain **volumes** of information collected since the inception of the consumer's **file** and is **not limited** to so-called *credit history*.

17. The term "**consumer reporting agency**" is defined by the Fair Credit Reporting Act, title 15 U.S.C. § 1681a(f).

18. The term "**consumer reporting agency that compiles and maintains files on consumers on a nationwide basis**" is defined by the Fair Credit Reporting Act, title 15 U.S.C. § 1681a(p). For example, *LexisNexis* compiles and maintains public record information on consumers on a nationwide basis.

19. The term "**trade-line**" is the industry term describing the reporting of credit-related data and other detailed consumer information that is furnished to consumer reporting agencies by "data furnishers" who <u>pay</u> to have said information <u>inserted</u> into a consumer's "file," in addition to the reporting of consumer information that was originally aggregated and compiled by other entities such as *LexisNexis* (see paragraph 18 above) who then <u>sell</u> such information to consumer reporting agencies, and, which information sets then subsequently appear as line-items in a Consumer Report.

20. The term "**inquiry**" (commonly referred to as "*pull*") as used by the consumer reporting agencies describes a request or purchase by any party for any portion of, <u>or for all of</u>, a consumer's master "**file**" information, i.e., the act of requesting or purchasing and then subsequently obtaining any information regarding any consumer from any consumer reporting agency; for example, a "subscriber" to a consumer reporting agency (subject to a Subscriber Agreement) may purchase a consumer's *consumer report* or purchase a consumer's master **file** directly from a consumer reporting agency; or, a party

may purchase consumer information from a reseller [The term "reseller" is defined at 15 U.S.C. § 1681a(u)];" regardless, all third-party "inquiries" are statutorily governed by the Fair Credit Reporting Act including but not limited to title 15 U.S.C. § 1681b: **Permissible purposes of consumer reports.**

21. The term **"creditor"** is precisely defined in the Fair Debt Collection Practices Act, title 15 U.S.C. § 1692a(4):

> The term "creditor" means any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another.

### III. SUMMARY OF THE ISSUES

22. The **first** issue before the court is regarding the actions, practices, and behaviors of the Defendant FH CANN which violated the Fair Debt Collection Practices Act **while** the Defendant was attempting to collect any alleged "debt" in regard to the Plaintiff.

23. The **second** issue before the court is regarding the Defendant FH CANN's willful and knowing violations of the Fair Credit Reporting Act by obtaining and using the Plaintiff's Consumer Report without a **permissible purpose** and without conveying the proper **certification** to the consumer reporting agency TransUnion and Trans Union LLC and by obtaining information on the Plaintiff from a consumer reporting agency under **false pretenses**. Please note that the Fair Credit Reporting Act: **(1)** governs the practices and behaviors of all "consumer reporting agencies," and **(2)** governs the practices and behaviors of

any "subscriber" or "user" or "data furnisher" or of any "person" that furnishes "trade-line" information directly to the consumer reporting agencies, and **(3)** governs the practices and behaviors of any "person" or "prospective user" or "subscriber" or of any entity that purchases or in any manner obtains and uses a "Consumer Report," i.e., executes an "inquiry" in regard to any consumer from any consumer reporting agency.

## IV. FACTUAL ALLEGEATIONS

24. On September 4, 2019, the Plaintiff received the "initial communication" from the **"debt collector"** Defendant FH CANN attempting to collect an alleged **"debt"** from the Plaintiff; the communication was received by way of the United States Postal Service, the "U.S.P.S." (Letter dated August 26, 2019).

25. On September 6, 2019, the Plaintiff conveyed the initial notice for the **demand for debt validation and dispute** correspondence letter directly to FH CANN [U.S.P.S. CERTIFIED MAIL® number: 7017 0190 0000 0302 7135].

26. On September 16, 2019, the Plaintiff received his **Consumer Report** (also referred to as a *"TransUnion Personal Credit Report"* and referred to as a *"Consumer Credit Report"* on the paperwork received from TransUnion) from the consumer reporting agency TransUnion and Trans Union LLC by way of the United States Postal Service and then upon review of the consumer report the Plaintiff discovered an "inquiry" categorized under the sub-heading of **"Account Review Inquiries"** that was executed, i.e., purchased by the Defendant on August 26, 2019. The issue date for the TransUnion Consumer

Report was September 9, 2019. **No other entity** was referenced in regard to the inquiry's requesting party line-item description found on page 2 of 3 of the Plaintiff's Consumer Report, only the name of a **single** requesting party:

> **F H CANN ASSOCIATES (1600 OSGOOD ST, NORTH ANDOVER, MA 01845, (877) 750-9800)** Requested on: 08/26/2019

27. On September 20, 2019, the Plaintiff conveyed the first "Notice of dispute of 'Account Review Inquiry'" correspondence letter to the consumer reporting agency TransUnion and Trans Union LLC disputing the legality of the so-called "account review inquiry" executed by FH CANN on August 26, 2019, as it appears on the Plaintiff's Consumer Report issue dated September 9, 2019 [U.S.P.S. CERTIFIED MAIL® number: 7017 0190 0000 0302 7142; Domestic Return Receipt requested].

28. On October 8, 2019, the Plaintiff conveyed the first notice of dispute correspondence letter **directly** to FH CANN disputing the impermissible "account review inquiry" that was purchased by FH CANN from the consumer reporting agency TransUnion and Trans Union LLC on August 26, 2019 [U.S.P.S. CERTIFIED MAIL® number: 7019 0160 0000 1421 1681].

29. On October 22, 2019, the Plaintiff received the first response correspondence letter from the Defendant FH CANN by way of the U.S.P.S. (Letter dated October 14, 2019); however, FH CANN's response correspondence did **not** contain any proper and authenticated validation of any alleged "debt" and did **not** contain any authenticated admissible evidence in

support of FH CANN's allegations and furthermore the Defendant's "form letter" response was unresponsive, incomplete, insufficient, and inconclusive.

30. On October 28, 2019, the Plaintiff conveyed the 2nd notice of the **demand for debt validation and dispute** correspondence letter directly to the Defendant FH CANN [U.S.P.S. CERTIFIED MAIL® number: 7019 0160 0000 1421 1551]; this letter also reminded FH CANN that it has yet to respond to the Plaintiff's demand for an explanation regarding the disputed "account review inquiry" discovered on the Plaintiff's TransUnion Consumer Report.

31. On October 31, 2019, the Plaintiff conveyed a 2nd "Notice of dispute of a bogus 'Account Review Inquiry'" correspondence letter to the consumer reporting agency TransUnion and Trans Union LLC **once again** disputing the validity and legality of the so-called "account review inquiry" purchased from TransUnion and Trans Union LLC by FH CANN on August 26, 2019, as it appears on the Plaintiff's Consumer Report issue dated September 9, 2019 [U.S.P.S. CERTIFIED MAIL® number: 7019 0160 0000 1421 1568].

32. On November 12, 2019, the Plaintiff conveyed the 2nd **direct** dispute letter to the Defendant FH CANN **once again** disputing the Defendant's impermissible "account review inquiry," i.e., purchase of the Plaintiff's Consumer Report from the consumer reporting agency TransUnion and Trans Union LLC that was executed on August 26, 2019 [U.S.P.S. CERTIFIED MAIL® number: 7019 0160 0000 1421 1575]; however, as of today's date, the Plaintiff has **not** received any direct response from the Defendant FH CANN.

33. On November 27, 2019, the Plaintiff conveyed the 3rd correspondence letter to TransUnion and Trans Union LLC **once again** disputing the validity of and demanding an explanation for the Defendant FH CANN's purchase of the Plaintiff's Consumer Report executed on August 26, 2019, as reported on the Plaintiff's TransUnion Consumer Report issue dated September 9, 2019 [U.S.P.S. CERTIFIED MAIL® number: 7019 0160 0000 1421 1599; Domestic Return Receipt requested]. (Plaintiff has received no response to-date.)

34. On December 10, 2019, the Plaintiff conveyed the "NOTICE OF INTENT TO SUE" to the Defendant FH CANN which included a *rough-draft* of the complaint and a "Summary of the Issues." [U.S.P.S. CERTIFIED MAIL® number: 7019 0160 0000 1421 1612; Domestic Return Receipt requested].

35. The Defendant FH CANN clearly violated The Fair Debt Collection Practices Act, title 15 of the United States code, section 1692g(a)(2), by failing to notify the Plaintiff "within five days after the initial communication" with the Plaintiff, of the identity of the alleged **"creditor."**

36. The Defendant FH CANN clearly violated The Fair Debt Collection Practices Act, title 15 of the United States code, section 1692g(a)(5), by failing to notify the Plaintiff of the identity of the alleged "original creditor" within the thirty-days period following the Plaintiff's written request; specifically, FH CANN has failed to "provide the consumer with the name and address of the original creditor, if different from the current creditor." FH CANN's **unsigned** debt collector correspondence conveyed to the Plaintiff written on FH CANN

letterhead does **not** clearly identify any alleged "original creditor" nor any alleged "creditor" whatsoever.

37. The Plaintiff has **neither** entered into any credit transaction **nor** any insurance-related transaction with the Defendant FH CANN at any point in time from the beginning of the world until the present day; the Defendant FH CANN has not at any point in time extended credit to nor extended any firm offer of credit to the Plaintiff; the Defendant has never extended any firm offer of insurance to the Plaintiff; in-fact, the Plaintiff has not at any point in time from the beginning of the world until the present day engaged in any financial transaction whatsoever with the Defendant FH CANN.

38. The Plaintiff has **never** at any point in time granted written permission or oral permission or any form of permission to the Defendant FH CANN any right to attempt to collect any alleged "debt" from the Plaintiff.

39. The Defendant FH CANN did not have and has never had any legitimate business need at any point in time to execute any inquiry, i.e., to purchase the Plaintiff's Consumer Report from **any** consumer reporting agency.

40. The Plaintiff has **not** at any point in time from the beginning of the world initiated any business transaction with the Defendant FH CANN.

41. The Plaintiff has **never** at any point in time from the beginning of the world until the present day granted permission to the Defendant FH CANN any right whatsoever to purchase or in any manner obtain and then use the Plaintiff's "Consumer Report" from any "consumer reporting agency," or to obtain and

then use the Plaintiff's entire consumer master "**file**," or to obtain and then use the Plaintiff's "Consumer Credit Report," or to obtain and then use the Plaintiff's "Personal Credit Report," or to obtain and then use the Plaintiff's "credit report," **or to obtain and then use any subset of any of the information contained within the Plaintiff's consumer master "file,"** regardless of its label, or to obtain and then use any consumer information that is in any manner furnished to TransUnion and Trans Union LLC, or furnished to any consumer reporting agency by any "data furnisher," or furnished by **any** entity in regard to the Plaintiff.

42. The Defendant FH CANN has repeatedly failed to provide any authenticated admissible evidence that FH CANN is working on behalf of any alleged "original creditor" or any alleged "creditor."

43. The Plaintiff does **not** have and has **never** had any supposed "**account**" whatsoever with the unknown entity FH CANN at any location at any point in time from the beginning of the world until the present day and any supposed FH CANN "account" number in regard to the Plaintiff is nothing more than a false and deceptive fabrication conjured by FH CANN to create the illusion of legitimacy; **there is no account; there never was any account;** therefore, the Defendant FH CANN has willfully violated title 15 U.S.C. § 1692e(10).

44. The Defendant FH CANN **continues** its collection efforts **after** failing to properly respond to the Plaintiff's **demand for debt validation and dispute** correspondence letters, i.e., the Defendant has repeatedly failed to validate any

alleged "debt" but then **continues** with its debt collection activities against the Plaintiff which is a willful violation of the Fair Debt Collection Practices Act, title 15 U.S.C. § 1692g(b).

45. The Defendant FH CANN has failed to produce for inspection any evidence of any legal and lawful **"assignment"** contract allegedly executed by FH CANN with any alleged "original creditor" in regard to the Plaintiff.

46. The Defendant FH CANN has repeatedly failed to produce for inspection any **authenticated** and notarized certified copies of any lawfully executed written contract or any written agreement supporting FH CANN's collection efforts against the Plaintiff; for example, FH CANN, **while attempting to collect any alleged debt**, has **neither** produced for inspection any notarized certified copies **nor** any authenticated documentation of any alleged contractual agreement supposedly executed by and between FH CANN and any alleged "original creditor" in regard to the Plaintiff **nor** produced for inspection any authenticated documentation of any alleged contractual agreement executed by and between FH CANN and the Plaintiff, thus FH CANN clearly violated the Fair Debt Collection Practices Act, title 15 U.S.C. § 1692f(1) by the Defendant's actions of: "The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

47. The Defendant FH CANN has repeatedly failed to confirm or deny in any of FH CANN's correspondence conveyed to the Plaintiff if any alleged "debt" or any alleged "account" or any alleged "note" was "**securitized**."

48. The Defendant has neither produced an affidavit executed by any officer or employee of FH CANN nor an affidavit executed by any third party supporting FH CANN's absurd claims against the Plaintiff.

49. The Defendant FH CANN has repeatedly failed to provide to the Plaintiff any **properly authenticated** admissible evidence of any genuine article wet-ink signature account-level documentation or any authenticated documentation supporting the Defendant's absurd assertions.

50. The Defendant has repeatedly failed to provide any information regarding the location, dates, and times designated for the **inspection** of any alleged authenticated genuine article wet-ink signature account-level documentation, in addition to any allonges, for the purpose of forensic analysis.

51. The Defendant FH CANN did **not** at any point in time from the beginning of the world until the present day have any **permissible purpose** whatsoever to purchase or in any manner obtain and use the Plaintiff's "Consumer Report" or to obtain and use the Plaintiff's consumer master "**file**," or any subset thereof, from TransUnion and Trans Union LLC, or from any consumer reporting agency, which is a knowing and willful violation of the Fair Credit Reporting Act, title 15 U.S.C. § 1681b(f)(1).

52. The Defendant FH CANN did **not** properly and legally **certify the purpose** for obtaining the Plaintiff's "Consumer Report" to the consumer reporting agency TransUnion and Trans Union LLC by way of a "general or specific certification" process protocol which is **statutorily required** "by a prospective user of the report" **prior** to obtaining and using the Plaintiff's Consumer Report and therefore the acquisition and use of the Plaintiff's Consumer Report by the Defendant FH CANN is a knowing and willful violation of the Fair Credit Reporting Act, title 15 U.S.C. § 1681b(f)(2).

53. The Plaintiff hereby alleges that the Defendant FH CANN **willfully and knowingly** obtained information on the Plaintiff from the consumer reporting agency TransUnion and Trans Union LLC under **false pretenses** and in direct violation of title 15 U.S.C. § 1681q, of the Fair Credit Reporting Act:

> § 619. Obtaining information under false pretenses
> [15 U.S.C. § 1681q]
>
> Any person who knowingly and willfully obtains information on a consumer from a consumer reporting agency under false pretenses shall be fined under title 18, United States Code, imprisoned for not more than 2 years, or both.

## V. PLAINTIFF'S DEMAND FOR RELIEF FOR THE VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, TITLE 15 U.S.C. § 1692 *et seq.*, AS COMMITTED BY THE DEFENDANT F.H. CANN & ASSOCIATES, INC.

54. Paragraphs 1 through 53 are re-alleged as if they were fully set forth herein.

### COUNT 1

55. The Defendant FH CANN violated title 15 U.S.C. § 1692e(2)(A) by falsely representing "… the character, amount, or legal status of any debt … ."

### COUNT 2

56. The Defendant FH CANN violated title 15 U.S.C. § 1692e(10) by "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

### COUNT 3

57. The Defendant FH CANN violated title 15 U.S.C. § 1692f(1) by "The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

### COUNT 4

58. The Defendant FH CANN violated title 15 U.S.C. § 1692g(a)(2) by failing to provide "Within five days after the initial communication with a consumer in connection with the collection of any debt … the name of the creditor to whom the debt is owed."

## COUNT 5

**59.** The Defendant FH CANN violated title 15 U.S.C. § 1692g(a)(5) by failing to provide the name and address of the alleged original creditor.

## COUNT 6

**60.** The Defendant FH CANN violated title 15 U.S.C. § 1692g(b) by failing to properly verify and validate any alleged debt, and then **continuing** collection.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant F.H. CANN & ASSOCIATES, INC., for the actual damages sustained including but not limited to the emotional distress, mental anguish, insomnia, headaches, stomachaches, anxiety, fear, nervousness, personal injury, physical sickness, physical pain, loss of time, out of pocket expenses, and for any additional actual damages as they may bear pursuant to title 15 U.S.C. § 1692k(a)(1) and for any such additional damages as the court may allow pursuant to title 15 U.S.C. § 1692k(a)(2)(A), and for the costs of the action together with a reasonable attorney's fee (if any) as determined by the court.

## VI. PLAINTIFF'S DEMAND FOR RELIEF FOR THE WILLFUL NONCOMPLIANCE WITH THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681 *et seq.*, AS COMMITTED BY THE DEFENDANT F.H. CANN & ASSOCIATES, INC.

61. Paragraphs 1 through 60 are re-alleged as if they were fully set forth herein.

### COUNT 7

62. The Defendant FH CANN willfully failed to comply with title 15 U.S.C. § 1681b(f)(1), of the Fair Credit Reporting Act by the Defendant's willful actions of obtaining and using the Plaintiff's "Consumer Report" from the consumer reporting agency TransUnion and Trans Union LLC for a purpose that was **not** authorized to be furnished under title 15 U.S.C. § 1681b, "Permissible purposes of consumer reports."

### COUNT 8

63. The Defendant FH CANN willfully failed to comply with title 15 U.S.C. § 1681b(f)(2), of the Fair Credit Reporting Act by the Defendant's willful failure to provide a valid and proper "general or specific certification" to the consumer reporting agency TransUnion and Trans Union LLC **prior** to obtaining and using the Plaintiff's "Consumer Report."

## COUNT 9

**64.** The Defendant FH CANN violated title 15 U.S.C. § 1681q, of the Fair Credit Reporting Act by knowingly and willfully obtaining information on a consumer from a consumer reporting agency under false pretenses.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant F.H. CANN & ASSOCIATES, INC., as relief for the statutory damages or for the actual damages sustained by the Plaintiff including but not limited to the mental anguish, emotional distress, insomnia, headaches, stomachaches, anxiety, fear, nervousness, personal injury, physical sickness, physical pain, damage to creditworthiness, damage to reputation, loss of time, out of pocket expenses, and for the egregious violation of the Plaintiff's right to privacy, and for any additional actual damages sustained by the Plaintiff as they may bear, and for the **punitive** damages as the court may allow as relief for the Defendant's **willful** noncompliance with the Fair Credit Reporting Act pursuant to title 15 U.S.C. § 1681n, and for the costs of the action together with a reasonable attorney's fee (if any) as determined by the court.

## VII. PLAINTIFF'S DEMAND FOR RELIEF FOR THE NEGLIGENT NONCOMPLIANCE WITH THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681 *et seq.*, AS COMMITTED BY THE DEFENDANT F.H. CANN & ASSOCIATES, INC.

65. Paragraphs 1 through 64 are re-alleged as if they were fully set forth herein.

### COUNT 10

66. The Defendant FH CANN negligently failed to comply with title 15 U.S.C. § 1681b(f)(1), of the Fair Credit Reporting Act by the Defendant's actions of obtaining and using the Plaintiff's "Consumer Report" from the consumer reporting agency TransUnion and Trans Union LLC for a purpose that was **not** authorized to be furnished under title 15 U.S.C. § 1681b, "Permissible purposes of consumer reports."

### COUNT 11

67. The Defendant FH CANN negligently failed to comply with title 15 U.S.C. § 1681b(f)(2), of the Fair Credit Reporting Act by the Defendant's failure to provide a valid and proper "general or specific certification" to the consumer reporting agency TransUnion and Trans Union LLC **prior** to obtaining and using the Plaintiff's "Consumer Report."

**WHEREFORE**, the Plaintiff demands judgment against the Defendant F.H. CANN & ASSOCIATES, INC., as relief for the actual damages sustained by the Plaintiff including but not limited to the mental anguish, emotional distress, insomnia, headaches, stomachaches, anxiety, fear, nervousness, personal injury, physical sickness, physical pain, damage to creditworthiness, damage to reputation, loss of time, out of pocket expenses, and for the egregious violation of the Plaintiff's right to privacy, and for any additional actual damages sustained by the Plaintiff as they may bear for the Defendant's **negligent** noncompliance with the Fair Credit Reporting Act pursuant to title 15 U.S.C. § 1681o, and for the costs of the action together with a reasonable attorney's fee (if any) as determined by the court.

### VIII. DEMAND FOR A TRIAL BY JURY

The Plaintiff demands a trial by jury for all issues so triable by law.

Date: 2/25/2020

Respectfully submitted,

By: *Tim Foote*, pro se.

TIM FOOTE
3208-C East Colonial Drive;
Unit 159;
Orlando; Florida; 32803;
Cellular telephone: 407-633-9297;
E-mail: withoutrecourse@protonmail.com